UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUBY L. MATTHEWS, | § | |
| *Plaintiff,* | § | |
| vs. | § | |
| NANCY A. BERRYHILL, | § | No. 4:18-CV-4795 |
| Commissioner of Social Security, | § | |
| *Defendant*. | § | |

## MEMORANDUM AND ORDER
## ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Pending before the Court is Plaintiff Ruby L. Matthews's ("Plaintiff") motion for attorney's fees. ECF No. 15.[1] The Commissioner of the Social Security Administration ("Commissioner") did not file a response and Plaintiff represents that her motion is unopposed. ECF No. 16, Ex. 7. Based on the briefing, the evidence, and the applicable law, the Court determines that Plaintiff's motion should be granted as modified below.

### I. PROCEDURAL OVERVIEW

On June 12, 2019, Plaintiff filed a motion for summary judgment, requesting judicial review of Commissioner's decision denying her application for disability insurance benefits. ECF No. 12. On July 1, 2019, Commissioner filed an unopposed

---

[1] On March 5, 2019, the Parties consented to proceed before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). ECF No. 7.

motion to reverse the decision by the Administrative Law Judge ("ALJ") and remand the case for further administrative proceedings. ECF No. 13. The Court granted Commissioner's motion to remand on July 11, 2019 pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 14.

Plaintiff filed the current motion under the Equal Access to Justice Act ("EAJA"), 28 U.S.C § 2412, seeking an award of $6,732.71 in attorney's and paralegal fees. ECF No. 15 at 1. Plaintiff, in support of her motion, submitted contemporaneous time records for all attorneys and paralegals who worked on the appeal. *See* ECF No. 16, Exs. B-D.

## II. ATTORNEY'S FEES UNDER THE EAJA

The EAJA permits the recovery of attorney's fees in proceedings for judicial review of an agency's action. 28 U.S.C. § 2412(d)(1)(A). The purpose is to "ensure adequate representation of those who need it and to minimize the cost of this representation to taxpayers." *Day v. Comm'r,* No. 16-CV-210, 2017 WL 4922048, at *1 (E.D. Tex. Oct. 31, 2017); *see Murkeldove v. Astrue*, 635 F.3d 784, 793 (5th Cir. 2011) (purpose is to eliminate the financial disincentive for an average person to challenge unreasonable government actions). Under the EAJA, a party is entitled to recover attorney's fees from the United States when, at a minimum, the following four elements are met: (1) he is a prevailing party; (2) he timely files a fee application supported by an itemized statement; (3) the court finds the position of the

government, in the administrative proceedings as well as before the Court, was not substantially justified; and (4) no special circumstances make an award unjust. *Perales v. Casillas*, 950 F.2d 1066, 1072 (5th Cir. 1992); *Mesecher v. Berryhill*, No. 15-CV-859, 2017 WL 4417682, at *1 (N.D. Tex. Oct. 3, 2017); *Benoit v. Astrue,* No. H-07-2939, 2008 WL 3928026, at *1 (S.D. Tex. Aug. 27, 2008).

### III. PLAINTIFF SATISFIES THE EAJA REQUIREMENTS

After careful review of the evidence and law, the Court finds that the Plaintiff has met the four requirements for an award of attorney's fees under the EAJA.

Plaintiff secured a remand under sentence four of 42 U.S.C. § 405(g).[2] When the district court remands a social security action under sentence four of § 405(g), the claimant is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 299-301 (1993); *Day*, 2017 WL 4922048, at *1. Thus, Plaintiff satisfied the first element.

Plaintiff timely filed her motion for attorney's fees. The party seeking fees is required to submit an application to the court "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). "The district court's judgment becomes final when it can no longer be appealed." *Murkeldove*, 635 F.3d at 792.

> Rule 4(a) of the Federal Rules of Appellate Procedure establishes that, in a civil case to which a federal officer is a party, the time for appeal does not end until 60 days after entry of judgment, and that a judgment

---

[2] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

> is considered entered for purposes of the rule only if it has been entered in compliance with Rule 58 of the Federal Rules of Civil Procedure.

*Shalala*, 509 U.S. at 302 (quotations and alterations omitted). Rule 58 requires the district court to issue its judgment in a separate document. *Id.* at 302-03.

In this case, the Court issued a judgment on July 11, 2019, ECF No. 14, which became final sixty days later, on September 9, 2019. Plaintiff had thirty days from September 9, 2019 to file her motion for attorney's fees. Plaintiff filed her motion on October 4, 2019, and thus the motion is timely.

Commissioner has the burden of proof to show that his position was substantially justified but has not done so. *Day*, 2017 WL 4922048, at *1. A substantially justified determination focuses on the government's action giving rise to the litigation at the administrative level as well as the government's litigation position. *Perales*, 950 F.2d at 1072. Here, Commissioner conceded that the case should be remanded for further proceedings. Therefore, Commissioner's position at the administrative level was not substantially justified.

Likewise, Commissioner has not alleged or shown any special circumstances that would render an award unjust. *Day*, 2017 WL 4922048, at *1. The special circumstances provision ensures that the government is not deterred from advancing in good faith novel but credible extensions and interpretations of the law and gives the courts discretion to deny awards where equitable considerations dictate the award should not be made. *Murkeldove*, 635 F.3d at 794. After examining the totality

of the circumstances to determine whether awarding Plaintiff's fees would be unjust, the Court does not find any special circumstances in this case. *See id.*

Therefore, the Court finds that Plaintiff is entitled to an award of attorney's fees.

### IV. CALCULATION OF THE FEES

The EAJA dictates that attorney's fees not be awarded in excess of $125 per hour, unless the court determines that an increase in the cost of living or a special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). The Court has wide discretion in calculating any increase in the hourly rate. *Mesecher*, 2017 WL 4417682, at *1; *Chargois v. Barnhart*, 454 F. Supp. 2d 631, 634 (E.D. Tex. 2006). Plaintiff's counsel seeks an hourly fee of $199.58 for two hours worked in 2018 and $201.22 for 27.5 hours worked in 2019, for a total of $5,932.71. ECF No. 16 ¶ 8. Plaintiff has submitted an itemized statement for the 29.5 attorney hours. *See* ECF No. 16, Ex. C.

Courts must determine whether the fee is reasonable, requiring an examination of the number of hours worked and the rate sought. *Mesecher*, 2017 WL 4417682, at *2. Typically, in cases of this kind, fee applications range from twenty to forty hours. *Id.* Plaintiff bears the burden of documenting the appropriate hours expended and hourly rates. *Id.* Having reviewed the record in the case, the Court finds that the number of hours sought is reasonable and supported. Furthermore,

5

Commissioner has not asserted any disagreement with an award for the hours submitted.

With regard to the rate, courts routinely use a cost-of-living adjustment based on the Consumer Price Index ("CPI") report compiled by the United States Bureau of Labor Statistics. *E.g.*, *Day*, 2017 WL 4922048, at *2; *Chargois*, 454 F. Supp. 2d at 634 (collecting cases). Based on the region where services were performed, the court will use as a base rate the average annual CPI for the year the last time the rate changed, and then compare it to the average annual CPI for when the attorney provided the legal services. *Chargois*, 454 F. Supp. 2d at 634; *accord Perales*, 950 F.2d at 1079 (instructing the court on remand to "segregate the attorneys' hours by year and apply the appropriate cost-of-living adjustment on an annual basis"). If the CPI increased from the time the rate changed to the time services were performed, "the court calculates the percentage difference and approves an excess hourly fee corresponding to the calculated percentage increase." *Chargois*, 454 F. Supp. 2d at 634.

Here, Plaintiff's counsel is based in New York, but appeared *pro hac vice* in this case filed in Houston.[3] She is claiming fees for work performed between 2018

---

[3] Plaintiff's counsel uses CPI figures for urban consumers in the southern United States generally. *See* ECF No. 16, Ex. A. The Court finds it more appropriate to use data specific to the Houston area, where this Court is located. *See Mesecher*, 2017 WL 4417682, at *2 (finding the use of city-specific data where the court was located appropriate).

and 2019. The CPI last changed in 1996 ($75 to $125 per hour). In 1996, the annual average CPI for Houston-The Woodlands-Sugar Land, Texas was 142.7.[4]

The hourly rates for the relevant years are as follows:

- For 2018, the CPI for Houston-The Woodlands-Sugar Land, Texas is 225.927. The percentage difference between 1996 and 2018 is 158.32% (225.927/142.7). Therefore, the hourly rate for 2018 is $197.90/hour (158.32% x $125/hour).

- For 2019, there is no annual data available. Consequently, the Court will use the CPI for Houston-The Woodlands-Sugar Land, Texas for the first half of 2019, which is 228.124.[5] The percentage difference between 1996 and 2019 is 159.86% (228.124/142.7). Therefore, the hourly rate for 2019 is $199.83/hour (159.86% x $125/hour).

In 2018, Plaintiff's attorney worked 2 hours. At $197.90/hour, her fee is $395.80. In 2019, Plaintiff's attorney worked 27.5 hours. At $199.83/hour, her fee is $5,495.33. The sum of the 2018 and 2019 fees is $5,891.13. The Court finds that

---

[4] The Court obtained CPI numbers used to calculate Plaintiff's attorney's fees from this chart. *See* Consumer Price Index, All Urban Consumers (CPI-U), Houston-The Woodlands-Sugar Land, Tx, https://www.bls.gov/regions/southwest/data/consumerpriceindexhistorical_houston1982-84_table.pdf (last visited Jan. 2, 2020).

[5] This information can be found through a U.S. Bureau of Labor Statistics data search at https://data.bls.gov/PDQWeb/cu (last visited Jan. 2, 2020).

this fee is reasonable for the 27.5 hours of attorney work. *See Mesecher*, 2017 WL 4417682, at *2; *Day*, 2017 WL 4922048, at *2.

The EAJA also allows for recovery of paralegal fees at prevailing market rates. *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008). Plaintiff seeks to recover for 8 hours of paralegal work at a rate of $100 per hour, for a total of $800. ECF No. 16 ¶ 8 and Ex. D. Courts in this Circuit frequently approve comparable paralegal awards in the context of the EAJA. *See, e.g.*, *McCullough v. Saul*, No. 18-CV-128, 2019 WL 2774336, at *2 (W.D. Tex. July 2, 2019) ($100 per hour for 7.5 hours worked); *Banks v. Berryhill*, No. 18-CV-239, 2019 WL 2084539, at *1 (N.D. Tex. May 13, 2019) ($95 per hour for 7.4 hours worked); *Rasco v. Berryhill*, No. 17-CV-946, 2018 WL 3621054, at *4 (S.D. Tex. June 4, 2018) ($105 per hour for 5.6 hours worked). The Court finds an award of $800 in paralegal fees to be reasonable.

## V. CONCLUSION

Finding it meritorious, Plaintiff's motion for attorney's fees is **GRANTED** as modified above. Commissioner is **ORDERED** to pay Plaintiff the sum of $6,691.13, representing $5,891.13 in attorney's fees and $800 in paralegal fees. The check should be made payable to Plaintiff and mailed to Plaintiff's attorney, Melissa Palmer, 250 South Clinton Street, Suite 210, Syracuse, New York 13202.

Signed on January 16, 2020, Houston, Texas.

_____
Dena Hanovice Palermo
United States Magistrate Judge